

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50128 | **DATE** | 6/25/2002 |
| **CASE TITLE** | Accurate Control Systems, et al. vs. Neopost, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss is granted. Count I of plaintiffs' second amended complaint is dismissed with prejudice and Counts II-IV are dismissed without prejudice. Defendant's motion for leave to file a reply brief in excess of fifteen pages is granted. All other pending motions are denied as moot. This is case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 51 |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK 02 JUN 25 PM 2:45 FILED-WD | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 6-25-02 | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice   ew mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, which are some forty-nine independent dealers ("Dealers") of defendant, Neopost, Inc., have filed a four-count second-amended complaint against Neopost. The Dealers allege claims under the Robinson-Patman Act, 15 U.S.C. § 13 (Count I), breach of contract (Count II), intentional interference with prospective economic advantage (Count III), and breach of warranty (Count IV). This court has original jurisdiction over Count I based on 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction over the remaining counts, see id. § 1367(a). Before the court is Neopost's motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) and for failure to state a claim under Rule 12(b)(6).

As an initial matter, the court finds Neopost's Rule 12(b)(3) motion is without merit. Venue is proper under 28 U.S.C. § 1391(b)(1) in a district where the defendant "resides." For a defendant corporation this means a district in which it is subject to personal jurisdiction. See id. § 1391(c). In this case Neopost does not at all dispute it maintains a branch office and regularly conducts business in this district. By itself this is enough to confer personal jurisdiction upon Neopost in this district and thereby make venue proper here as well. That forty-eight of the forty-nine Dealers have no connection whatsoever with this district and that the Dealers have failed to allege "any specific act" or "wrongful conduct" by Neopost in this district, as Neopost focuses on in its brief, may be relevant in determining if a "substantial portion of the events" giving rise to the claim occurred in this district under § 1391(b)(2) or even considering a transfer of venue under 28 U.S.C. § 1404, but is beside the point in determining if venue is proper under § 1391(b)(1).

Turning to Neopost's Rule 12(b)(6) motion, the Dealers allege Neopost manufactures mailing and shipping equipment and is one of only four manufacturers authorized by the U.S. Postal Service to manufacture postage meters for lease in the United States. Over the last twenty years Neopost has signed separate dealer contracts with each of the forty-nine plaintiffs to serve as independent Neopost dealers, each responsible for selling Neopost's products in their own exclusive territory. In Count I, the Dealers essentially allege Neopost has engaged in secondary-line price discrimination in violation of § 13(a) of the Robinson-Patman Act by selling its products to Neopost's own "Direct Branch Sales Offices" and end-user customers at "prices and terms more favorable" than what it sells to the Dealers. The court finds neither of these allegations suffice to state a claim under the Robinson-Patman Act.

Ever since Security Tire & Rubber Co. v. Gates Rubber Co., 598 F.2d 962 (5th Cir.), cert. denied, 444 U.S. 942 (1979), the federal courts of appeals have unanimously adopted a per se rule that "intra-corporate transfers" – i.e., a parent corporation's transfer of goods to its wholly-owned subsidiary – cannot form the basis of a § 13(a) claim. See id. at 965 (holding that intra-corporate transfers can "never be considered separate sales to a favored customer in a Robinson-Patman Act discrimination suit"); see also City of Mt. Pleasant v. Associated Elec. Coop., 838 F.2d 268, 278 (8th Cir. 1988) (adopting Security Tire's per se rule); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 220-21 (6th Cir. 1985) (same); Eximco, Inc. v. Trane Co., 737 F.2d 505, 516-17 (5th Cir. 1984) (applying Security Tire to situation where manufacturer sold product directly to end-user customer after franchisee acted as sales agent by making initial contacts with customer); O'Byrne v. Cheker Oil Co., 727 F.2d 159, 164 (7th Cir. 1984) (citing Security Tire for proposition that defendant "of course" does not "sell" gasoline to its "company-owned stations[,]" so that no discrimination 'in price between different purchasers' . . . has occurred"); accord Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 19 F.3d 745, 748-51 (1st Cir. 1994) (holding that a parent company's 100% ownership of subsidiary "by itself" makes the "firm plus subsidiary" a single "person" under Robinson-Patman Act, meaning no "discrimination" can occur under § 13(a) when a parent company sells its goods to its wholly-owned subsidiary). If anything, this is an even more compelling case for applying the per se rule as the Dealers' allegations make it clear this case involves not just wholly-owned subsidiaries, which enjoy at least a limited amount of separate legal identity, but Neopost's very own "Direct Branch Sales Offices." The Dealers nevertheless argue they still may have a claim if those offices in fact operate independently of Neopost. The Dealers therefore believe they are entitled to conduct discovery to determine the extent to which the offices operate under Neopost's "dominion and control." All of the cases they cite for such a case-by-case, fact-specific inquiry, however, predate Security Tire. As noted above, every court of appeals to have addressed the issue since Security Tire has uniformly adopted Security Tire's per se rule, and the Dealers have offered no reason for this court to deviate from that precedent. Thus, no matter how much discovery the Dealers conduct, they cannot base their § 13(a) claim on Neopost's transfers to its own Direct Branch Sales Offices.

That leaves the Dealers' allegation that Neopost violated § 13(a) by making direct sales to end-user customers at prices lower than what it sold to the Dealers. Once again the case law makes short work of this theory. As one court of appeals has succinctly explained, a necessary element to proving injury in a secondary-line case under § 13(a) is that the "favored and disfavored purchasers competed at the same functional level, i.e., all wholesalers or all retailers." Best Brands Beverage, Inc. v. Falstaff Brewing Corp., 842 F.2d 578, 585 (2d Cir. 1987). Even more specifically, the Fifth Circuit has recently considered and rejected the very argument the Dealers raise here. In Lyeon, Inc. v. Juenke, 250 F.3d 285 (5th Cir.), cert. denied, 122 S. Ct. 209 (2001), wholesale distributors of a manufacturer's products alleged the manufacturer violated § 13(a) by selling its products directly to end-user retail customers at prices lower than what it was selling to the plaintiff-distributors. Relying principally on Eximco, supra, the court reasoned that the antitrust concerns of the Robinson-Patman Act did not apply "because [plaintiff] and the end users who buy directly from [the manufacturer] do not compete for resale at any level." Lycon, 250 F.3d at 289. It concluded that "[plaintiff's] allegations of price discrimination between itself and end user customers of [the manufacturer], who are not retailers and do not resell the product, does not raise the specter of real or potential injury to competition. [Plaintiff] has no § 13(a) cause of action because it is not in competition with the allegedly advantaged end users." Id. The Seventh Circuit made this same point long ago in Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1 (7th Cir. 1949), cert. denied, 338 U.S. 948 (1950), where it stated: "There is nothing in the [Robinson-Patman] Act that prevents a seller of a commodity from eliminating the middlemen from its distributive system and selling its commodity directly to consumers if it wishes to do so; and if it chooses it may distribute a part of its commodity direct and a part through wholesale distributions." Id. at 10. Neopost's direct sales to its end-user customers, therefore, cannot form the basis of a Robinson-Patman Act claim.

In response the Dealers make much of the fact that Neopost has supposedly violated the Dealers' agreements by selling to end-user customers within the Dealers' exclusive territories. But while this may be relevant to the Dealers' breach of contract claim, the court does not see how it helps the Dealers state a claim under the Robinson-Patman Act. In short, the court finds the Dealers' Robinson-Patman Act claim fails as a matter of law. With no other claims giving this court original jurisdiction, the court declines to exercise supplemental jurisdiction over Counts II-IV. See 28 U.S.C. § 1367(c)(3).

For the reasons stated above, Neopost's motion to dismiss is granted. Count I is dismissed with prejudice and Counts II-IV are dismissed without prejudice. This case is dismissed in its entirety.

# United States District Court
## Northern District of Illinois
### Western Division

Accurate Control Systems, et al.          **JUDGMENT IN A CIVIL CASE**

v.                                         Case Number: 00 C 50128

Neopost, Inc.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion to dismiss is granted. Count I of plaintiffs' second amended complaint is dismissed with prejudice and Counts II-IV are dismissed without prejudice. Defendant's motion for leave to file a reply brief in excess of fifteen pages is granted. All other pending motions are denied as moot. This is case is hereby dismissed in its entirety.

All orders in this case are now final and appealable.

FILED-WD
02 JUN 25 PM 2:45
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/25/2002                            Susan M. Wessman, Deputy Clerk